| | DATE FILED: September 21, 2021 10:31 AM<br>FILING ID: C9FC7E80E0206<br>CASE NUMBER: 2021CV31624 |
|---|---|
| **DISTRICT COURT, ARAPAHOE COUNTY**<br>**STATE OF COLORADO**<br>7325 S. Potomac Street<br>Centennial, Colorado 80112<br><br>**PIONEER HOME SOLUTIONS LLC, a Colorado limited liability company,**<br><br>    Plaintiff,<br><br>v.<br><br>**STATE FARM FIRE AND CASUALTY COMPANY, an Illinois corporation,**<br><br>    Defendant. | ^COURT USE ONLY^ |
| *Attorneys for Plaintiff*:<br>Rodney J. Monheit, No. 48919<br>Katherine E. Goodrich, No. 48853<br>MoGo LLC<br>600 Seventeenth Street<br>Suite 2800 South<br>Denver, Colorado 80202<br>Tel: (303) 357-1317<br>rodney@mogollc.com<br>katie@mogollc.com | **Case No:**<br><br>**Div/Ctrm:** |
| **COMPLAINT** | |

COMES NOW Pioneer Home Solutions LLC ("Plaintiff"), by and through counsel, MoGo LLC, and for its Complaint against State Farm Fire and Casualty Company ("Defendant") allege and aver as follows:

EXHIBIT A

## PARTIES, JURISDICTION & VENUE

1. Plaintiff is a limited liability company organized under the laws of Colorado.

2. Defendant is an insurance company domiciled in the State of Illinois.

3. Defendant is authorized to conduct the business of insurance in the State of Colorado, and at all relevant times hereto conducted the business of insurance in Colorado.

4. Defendant issued an insurance policy, number 06-CV-U782-5 (the "Policy"), which provides insurance coverage to a residential property located at 18970 East Lake Drive, Aurora, Colorado 80016-3830 (the "Property").

5. The Policy was entered into in Colorado, and the events described in this Complaint occurred in Colorado.

6. This Court has subject matter jurisdiction over all claims asserted herein.

7. This Court has personal jurisdiction over Defendant under C.R.S. § 13-1-124(1)(a), (b) and (d).

8. Venue is proper in this district pursuant to C.R.C.P. 98(c), which Plaintiff designates as the place of trial.

## GENERAL ALLEGATIONS

9. The Policy provides insurance coverage for the Property on a replacement cost basis, meaning when a covered loss occurs, Defendant will pay the amount it takes to repair or replace covered damage less the applicable deductible.

10. On or about June 18, 2018, during the Policy's effective period, a hailstorm damaged the Property.

11.     Damage from hail is covered under the Policy.

12.     A true and correct copy of the Policy is attached as Exhibit 1.

13.     Plaintiffs reported their loss to Defendant and Defendant assigned the loss to a claim number, no. 069012M79.

14.     On or about June 3, 2019, Defendant inspected the Property and drafted a repair estimate.

15.     Defendant's repair estimate totaled a replacement cost value of $16,822.04 resulting from the June 19, 2018 hailstorm.

16.     Defendant's repair estimate called for removal and replacement of all 3,476.22 square feet of roof on the Property's dwelling. Defendant's estimate calculated the replacement cost of the roof to be $13,143.83.

17.     The named insured under the Policy, Chris Purvis, signed a repair contract with Plaintiff whereby in exchange for the insurance proceeds due under the Policy for the June 18, 2018 hail loss, Plaintiff would perform the repair work. The contract also included an assignment clause whereby the named insured under the Policy assigned his right to collect the insurance proceeds to Plaintiff.

18.     Plaintiff submitted an estimate for the replacement cost of the Property's roof in the amount of $36,854.37.

19.     The parties could not come to an agreement as to the amount of the hail loss, so on or about July 14, 2020, Plaintiff demanded appraisal, which is an alternative dispute resolution mechanism in the Policy whereby each party selects an independent and impartial

appraiser to calculate the amount of the loss and if the two appraisers come to an agreement as to the amount of loss, that amount is binding on the parties.

20. On or about Octobre 22, 2020, an appraisal award was signed by both parties' appraisers for an amount of loss equal to a replacement cost value of $32,938.54.

21. The "actual cash value" of the appraisal award is $27,880.24.

22. Under the Policy, Defendant is required to pay covered insurance benefits in two installments. First, Defendant pays the actual cash value of the loss. Second, once repairs are completed, Defendant pays the depreciation up to the total replacement cost value of the loss less the deductible.

23. Defendant paid the actual cash value of the appraisal award.

24. All of the repair work is completed, but Defendant refuses to pay the depreciation and thus has not paid on a replacement cost basis as required by the Policy.

### FIRST CLAIM FOR RELIEF
**(Breach of Contract)**

25. Plaintiffs incorporate the above allegations by reference.

26. The Policy is a valid and binding contract.

27. Plaintiff and/or Mr. Purvis complied with all conditions and obligations under the Policy, or such conditions and obligations were waived by Defendant.

28. Defendant failed to perform its obligations under the Policy by failing to pay replacement cost insurance benefits.

29. As a direct and proximate result of Defendant's breach, Plaintiff suffered damages to be proven at trial.

**SECOND CLAIM FOR RELIEF**
**(Violation of C.R.S. § 10-3-1115 & Relief Under C.R.S. § 10-3-1116)**

30. Plaintiffs incorporate the above allegations by reference.

31. Sections 10-3-1115(1) and (2), C.R.S., forbid insurers like Defendant from unreasonably delaying or denying payment of a claim for benefits owed to or behalf of any first-party claimant.

32. Plaintiffs are first-party claimants as that term is defined in C.R.S. § 10-3-1115(1)(b).

33. Defendant is an entity engaged in the business of insurance.

34. Defendant delayed and denied payment of first-party insurance benefits owed to Plaintiffs and did so without a reasonable basis within the meaning of C.R.S. § 10-3-1115(2).

35. Upon information and belief, Defendant regularly denies payment for replacement cost benefits based on the two-year-repair requirement included in the property insurance policies it issues in Colorado, even when there is no agreement as to the amount of loss within that two-year period.

36. Defendant unreasonably interpreted the Policy's two-year-repair requirement as a condition precedent to recovery of replacement cost benefits when the circumstances would cause an objectively reasonable insurer to approve payment of replacement cost benefits.

37. Defendant knew or should have known that the two-year repair requirement is not a condition precedent to the recovery of replacement cost benefits when the amount of loss is not agreed to within that two-year period.

38. Defendant knew or should have known that its interpretation of the Policy was unfair, unreasonable, and cannot be enforced.

39. Section 10-3-1116(1), C.R.S., provides that a first-party claimant whose claim has been unreasonably delayed or denied may bring an action to recover reasonable attorneys' fees, court costs and two times the covered benefit.

40. Therefore, Plaintiffs bring this claim to recover damages awardable under C.R.S. § 10-3-1116, separate from and in addition to those remedies and damages available under any other applicable claims for relief.

**PRAYER FOR RELIEF**

Plaintiff respectfully request that the Court enter judgment in their favor on all claims and award damages:

    a. For all covered benefits due and owing under the Policy;

    b. For attorneys' fees, court costs and two times the covered benefit, as permitted under C.R.S. § 10-3-1116(1);

    c. For pre- and post-judgment interest, as permitted by law;

    d. For any such other relief as this Court may deem just and proper.

DATED: September 21, 2021	**MoGo LLC**

*s/ Rodney J. Monheit*
Rodney J. Monheit
Katherine E. Goodrich
Attorneys for Plaintiffs